STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
THOMAS HADFIELD, DEFENDANT-APPELLANT.

Argued March 7, 1983—Decided March 15, 1983.

*Jeffrey G. Albertson* argued the cause for appellant.

*Lawrence Magid,* Assistant Prosecutor, argued the cause for respondent (*Alvin G. Shpeen,* Gloucester County Prosecutor, attorney).

*Jean D. Barrett,* Assistant Deputy Public Defender, argued the cause for *amicus curiae* Office of the Public Defender (*Joseph H. Rodriguez,* Public Defender, attorney).

*Arlene R. Weiss,* Deputy Attorney General, argued the cause for *amicus curiae* Attorney General (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

PER CURIAM.

We granted leave to appeal 91 *N.J.* 579 (1982), to review the Appellate Division's determination that the trial court had erred in admitting the defendant to the Pretrial Intervention Program (PTI) after the program director and the prosecutor had rejected the defendant's application. See *N.J.S.A.* 2C:43–12 to –22; *R.* 3:28. We called for supplemental briefs on the impact of the Graves Act, *N.J.S.A.* 2C:43–6, and our April 27, 1981 directive restricting plea agreements in Graves Act cases on the PTI program and particularly on the instant case.

None of the parties or *amici curiae* has argued before us that the Graves Act has effected an implied repealer of PTI, *N.J.S.A.* 2C:43–12 to –22, as applied to those charged with Graves Act offenses. Under the circumstances we deem it inappropriate to decide that issue, which remains unresolved by legislation in its present form.

Accordingly, we vacate the order granting leave to appeal as having been improvidently granted.

So ordered.

422

*For vacation*—Chief Justice WILENTZ, and Justices CLIFFORD, SCHREIBER, HANDLER and O'HERN—5.

*Dissenting*—Justices POLLOCK and GARIBALDI—2.